·H. Y. TILLMAN, *Appellant*, v. J. B. TAYLOR, *Appellee*.

Division B.

Opinion filed June 6, 1930.

*Branch & Snow, Russell Snow, Burkett & Fish* and *F. W. Dart,* for Appellant;

*Perry & Williams,* for Appellee.

BUFORD, J.—H. T. Brice endorsed a note secured by a mortgage to H. Y. Tillman. Tillman held the note and mortgage as collateral security for $8,000.00. While Tillman held this note and mortgage which was executed by one Ramsey, Brice entered into negotiations with Ramsey to reconvey the land secured by the mortgage upon the return of the note and satisfaction of the mortgage and to sell and convey the land to John F. Smulski. When the negotiations between Brice, Ramsey and Smulski had reached the point where the transaction could be closed Brice made application to Tillman to surrender his interest in the note and mortgage. This Tillman agreed to do, and did do, upon Brice assigning to Tillman the funds to be derived from the sale. The assignment was as follows

"Quitman, Ga.
"Feb. 21, 1927.
"In security of the loan of ten thousand dollars and other indebtedness of small amounts now owing to Mr. H. Y. Tillman of Valdosta, Ga., I, H. T. Brice, hereby assign all interest I have in a certain piece of land in Sarasota County, located on Treasure Island, described as follows:
"Beginning at a point at the north line of section 27 Township 38 South Range 18 East on the shores of the Gulf of Mexico. Thence along said shore in a southerly direction 700 feet to the point of beginning. Thence southerly along said shore 800 feet. Thence east to the shore of little Sarasota Bay. Thence northerly along the shore of little Sarasota Bay. To a point east of the point of beginning. Thence west to the point of beginning. Together with all riparian rights and water privileges, thereunto belonging, or in

anywise appertaining on the Gulf of Mexico and on little Sarasota Bay. Saving and reserving, however, unto Mary M. Warren an easement for road purposes 30 feet wide along the road now projected on the high ground as near the beach of Mexico as is practical throughout the length of the property hereby conveyed.

"It is understood that I, H. T. Brice, is to sell and handle this property for H. Y. Tillman first getting a release from Mr. Chas. P. Ramsey of Cleveland. Mr. Tillman agrees to release to Mr. Ramsey the notes and mortgage he now holds, as this is necessary to get the title in a salable condition. It is distinctly understood that all proceeds from the sale of this property are to go to H. Y. Tillman of Lowndes County, Valdosta, Ga., and said funds credited on the note of H. T. Brice of Brooks County, Quitman, Ga., with the exception that five per cent will be allowed for brokerage.

"Signed: H. T. BRICE.
"H. T. Brice."

Brice consummated the deal and made draft for $12,-000.00 payable to First National Bank of Quitman, Georgia, on brokers in Sarasota, Florida. The draft was presented to the brokers by Bank of Sarasota and in due course was paid. A writ of garnishment was served on Bank of Sarasota by J. B. Taylor who claimed to be a creditor of Brice. Bank of Sarasota filed bill for interpleader against Taylor, Brice, Tillman, First National Bank of Quitman and First National Bank of Tampa, praying that the defendants be required to interplead to procure a decree for the distribution of funds in the hands of Bank of Sarasota as proceeds of the draft. In due course final decree was entered

in which it was decreed that the equities were with J. B. Taylor and that his right to the fund is superior to the right of Tillman, Taylor and Tillman being the only contestants for the fund. If there was a valid garnishment served on Bank of Sarasota the creditor in garnishment could occupy no stronger position with regard to the funds in the hands of the bank than could have been maintained by the alleged debtor. At the time the purported garnishment was served the alleged debtor, Brice, had no interest in the funds in the bank other than such interest as he may have had by reason of being in a position to receive and hold the fund in trust for Tillman.

We hold that the assignment by Brice to Tillman was for a valuable consideration and was a valid assignment of the fund to come into the hands of Brice upon closing the transaction which was in progress at the time the assignment was made and out of which the fund developed. It, therefore, follows that Tillman was entitled to the fund in the hands of Bank of Sarasota and should have received the same.

For the reason stated the decree should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.